UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-23134-BLOOM/Louis

GARY R PENICK,

    Plaintiff,

v.

HARBOR FREIGHT TOOLS, USA, INC.,

    Defendant.
    _____/

**ORDER**

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Enlargement of Time and Motion for Continuance, ECF No. [49] ("Motion"). The Court has reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised.

On July 29, 2019, this lawsuit was removed to this Court, and on August 21, 2019 the Court entered its initial Scheduling Order, ECF No. [10]. Since then, the Court has amended the Scheduling Order on five occasions: April 22, 2020, ECF No. [24]; April 28, 2020, ECF No. [26]; May 12, 2020, ECF No. [30]; August 14, 2020, ECF No. [44]; and August 27, 2020, ECF No. [48]. Each amendment extended the deadline for the parties to disclose experts and exchange expert witness summaries or reports, or for discovery to be completed. Trial, similarly, is now scheduled for the Court's two-week trial period commencing on January 4, 2021 in light of Administrative Order 2020-53 even though it was originally set for the trial calendar beginning on September 14, 2020.

Against this background, Plaintiff now moves to continue trial until May or June 2021 and to extend the deadlines set forth in the Court's August 27, 2020 amended scheduling order until

November 6, 2020. ECF No. [49]. In support, he asserts that Defendant will not be prejudiced by the requested relief, and he attaches an affidavit from his counsel representing that counsel has a large case load that has prevented him from meeting the deadlines in this matter. Counsel states that he needs all of September to bring all of his cases current, and he "just recently learned" of a neurologist who, "after doing the appropriate diagnostic testing," will be able to advise whether Plaintiff's personality changes are a result of his alleged trauma caused by the generator incident. *Id.* at 4. In counsel's view, the neurologist's diagnostic findings will enable Defendant to "realistically evaluate the value of this case from a settlement standpoint[.]" *Id.*

Upon review, the Court does not find good cause for extending either the pre-trial deadlines or for continuing the trial until mid-2021. As an initial matter, while Plaintiff represents that this is his first request for a continuance of this action, this is far from his first request for an extension of deadlines in this case. To be clear, the Court has generously extended the parties' deadlines *numerous times* to accommodate their requests, and as discussed at the Court's status conference on August 27, 2020, Plaintiff and counsel were again given until September 2, 2020 to disclose liability experts. Despite this additional time, Plaintiff has not complied. Indeed, the Motion represents that compliance cannot be achieved until November 2020 at the earliest. It bears noting that the initial deadline to disclose experts and exchange expert reports was April 21, 2020. ECF No. [10]. Ample time has passed to satisfy this deadline, and no further extensions are justified.

The Court understands Plaintiff's counsel's work commitments and the attendant burdens. Indeed, counsel apprised the Court of his circumstances thoroughly during the recent status conference. However, as discussed, Plaintiff has been given numerous opportunities to comply with the pre-trial deadlines, and he has had sufficient time to find experts and secure expert reports. In this regard, the Court does not agree that good cause exists for extending deadlines *again*

Case No. 19-cv-23134-BLOOM/Louis

predicated on Plaintiff's belief that a neurologist's findings will enable Defendant to "realistically evaluate" the case for settlement purposes. While the Court favors parties reaching amicable settlements of their disputes, it will not delay this case any further on the mere hope that Plaintiff's settlement terms may be accepted sometime in the future.

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [49]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 3, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record