UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-23134-BLOOM/Louis

GARY PENICK,

    Plaintiff,

v.

HARBOR FREIGHT TOOLS, USA, INC.,

    Defendant.
_____/

## OMNIBUS ORDER

**THIS CAUSE** is before the Court upon Defendant's Motion to Strike Plaintiff's Overdue Witness List or in the Alternative Motion to Exclude Plaintiff's Liability Expert, Dr. Stephen Rice, ECF No. [51] ("Liability Expert Motion") and Defendant's Motion to Srike Plaintiff's Overdue Witness List and Motion to Exclude Plaintiff's Damages and Liability Experts, ECF No. [52] ("Damages Expert Motion") (collectively, "Motions"). Plaintiff filed separate responses to the Motions, ECF Nos. [66] and [68] (collectively "Responses"), which responses are substantively identical.[1] The Court has considered the Motions, the Responses, the record in this case, the applicable law, and is otherwise fully advised.

The Court's initial scheduling order set April 21, 2020 as the deadline to disclose experts and exchange expert reports, and May 19, 2020 as the discovery cutoff. ECF No. [10]. Both deadlines were subsequently amended, and Plaintiff's liability expert disclosure deadline later

---

[1] On September 29, 2020 and September 30, 2020, the Court ordered Plaintiff to respond to the Motions, ECF Nos. [60] and [62], by October 2, 2020 and cautioned him that the Court would consider the merits of the Motions if he failed to respond, which failure "may be deemed sufficient cause to grant the motion by default." *Id.*

became September 2, 2020 and the discovery cutoff deadline became September 17, 2020. ECF Nos. [44] and [48]. These deadlines were reiterated by the Court at the parties' status conference held on August 27, 2020. ECF Nos. [47] and [48]. Further, on September 3, 2020, the Court denied Plaintiff's motion for enlargement of time and motion for continuance, which requested that pre-trial deadlines be pushed back until November 2020, finding no good cause for extensions and noting that the Court had amended the scheduling order on five prior occasions. ECF No. [50]. The Court denied a similar motion on September 30, 2020. ECF No. [64].

Defendant now moves this Court to strike Plaintiff's liability expert, Dr. Stephen Rice, and his damages expert, Dr. Matthew Schulman, because these experts were not disclosed timely by Plaintiff. According to Defendant, Plaintiff disclosed Dr. Rice on September 11, 2020, and no liability expert had been disclosed before then. ECF No. [51] at 2. Further, Defendant did not receive any report or summary of opinions from Dr. Rice or any other liability expert. *Id.* Relatedly, Defendant represents that Plaintiff has not provided required disclosures for any damages expert, including Dr. Schulman, and even though Plaintiff informed it that it retained Dr. Schulman, Plaintiff has not provided any dates for Dr. Schulman's deposition. ECF No. [52] at 2.

In the Responses, Plaintiff acknowledges that his disclosures were "not timely made" and that the Court "has the inherent power to strike" his untimely disclosed witnesses. ECF Nos. [66] at 1; [68] at 1. While he does not address Defendant's concerns about the lack of expert reports, he requests that he be able to add these witnesses should the trial be postponed. *Id.*

Upon review, the Court agrees that Drs. Rice and Schulman have not been properly or timely disclosed, and they should be stricken as expert witnesses. To begin, the witnesses were not timely disclosed despite the Court having extended the pre-trial disclosure deadlines on numerous occasions. Indeed, Dr. Rice was belatedly disclosed by email to Defendant on September 11, 2020,

even though Plaintiff was advised at the status conference of the importance of strict adherence to the amended scheduling order setting September 2, 2020 as the expert disclosure deadline. This untimely disclosure alone is sufficient to grant the Liability Expert Motion. But more importantly, even if Plaintiff's experts had been timely disclosed, their disclosures would still be inadequate.

Federal Rule of Civil Procedure 26 requires a party to disclose to the other parties the identity of any witness it may use at trial to present expert testimony. *See* Fed. R. Civ. P. 26(a)(2). To make a proper disclosure, parties must disclose an expert's identity "accompanied by a written report." *Id.* at Rule 26(a)(2)(B). The written report must contain an array of information, including a "complete statement of all opinions the witness will express and the basis and reasons for them," "the facts or data considered by the witness in forming them," and the witness' qualifications, lists of cases where the witness testified as an expert, the expert's fee arrangement, and exhibits used to summarize or support the expert's opinions. *See id.* at Rule 26(a)(2)(B)(i)-(vi). These disclosures, moreover, must be made "at the times and in the sequences that the court orders." *Id.* at Rule 26(a)(2)(D). Additionally, a testifying expert's deposition can be conducted only after an expert report is provided. *Id.* at Rule 26(b)(4)(A).

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at trial, unless the failure was substantially justified or is harmless." *See id.* at Rule 37(c)(1). The non-disclosing party bears the burden of showing that the failure to comply with Rule 26 was substantially justified or harmless. *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009). Ultimately, the "determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *Smith v. Jacobs Eng'g Grp., Inc.*, No. 4:06CV496-WS/WCS, 2008 WL 4264718, at *6 (N.D. Fla. Mar. 20, 2008), *report and*

*recommendation adopted*, No. 4:06 CV 496 WS, 2008 WL 4280167 (N.D. Fla. Sept. 12, 2008) (citation omitted); *Warren v. Delvista Towers Condo. Ass'n, Inc.*, No. 13-23074-CIV, 2014 WL 3764126, at *1-2 (S.D. Fla. July 30, 2014) (noting that while the "failure to comply with the expert witness disclosure requirements may result in the striking of expert reports or the preclusion of expert testimony," a court has "great discretion in deciding whether to impose such a sanction").

Plaintiff has not presented grounds for the Court to excuse his non-compliance with the governing disclosure rules and the Court's numerous scheduling order deadlines. While the Court understands Plaintiff's counsel's burdens—which the Court has previously noted—multiple extensions have been granted in this case. And yet Plaintiff still has not fulfilled the most basic disclosure components necessary to list Drs. Rice and Schulman as experts in this case. Not only have their expert reports or summaries not been produced, neither expert has been deposed. Further, the discovery deadline has passed, the dispositive motion deadline has elapsed (and there is a pending summary judgment motion, ECF No. [53]), and trial is scheduled to commence in a few months. With this background, the Court does not find good cause for Drs. Rice and Schulman to not be excluded from the trial in this case.

Accordingly, it is **ORDERED AND ADJUDGED** that the Motions, **ECF No. [51]** and **ECF No. [52]**, are **GRANTED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 7, 2020.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Case No. 19-cv-23134-BLOOM/Louis

Copies to:

Counsel of Record