## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 19-cv-23134-BLOOM/Louis

GARY PENICK,

      Plaintiff,

v.

HARBOR FREIGHT TOOLS, USA, INC.,

      Defendant.

_____/

### OMNIBUS ORDER

**THIS CAUSE** is before the Court upon Defendant's Omnibus Motion in Limine, ECF No. [56] ("Omnibus Motion"), Motion in Limine to Preclude Lay Witnesses from Offering Opinion Testimony, ECF No. [57] ("Lay Witness Motion"), and Motion in Limine to Enforce Collateral Source Set-Off, ECF No. [58] ("Collateral Source Motion") (collectively, "Motions"). Plaintiff responded to the Motions, ECF Nos. [74], [75], and [76] (collectively, "Responses"). Defendant did not file a Reply to the Responses. The Court has reviewed the Motions, the Responses, the record in this case, the applicable law, and is otherwise fully advised.

### I.    BACKGROUND

The Court assumes the parties' familiarity with the facts of this case. Defendant has filed three motions *in limine*, seeking to preclude Plaintiff from presenting certain testimony and evidence at trial. Because Plaintiff does not oppose the requests contained in the Omnibus Motion nor the Collateral Source Motion, *see* ECF Nos. [74] and [76], the Court grants those motions. In the remaining Lay Witness Motion, Defendant seeks to preclude lay witnesses, including Plaintiff, from offering opinion testimony related to the alleged defectiveness of the generator, its design,

and its alleged ignition source. ECF No. [57].

## II.    LEGAL STANDARD

"In fairness to the parties and their ability to put on their case, a court should exclude evidence *in limine* only when it is clearly inadmissible on all potential grounds." *United States v. Gonzalez*, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010). "The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground." *Id.* "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *In re Seroquel Prods. Liab. Litig.*, Nos. 6:06-md-1769-Orl-22DAB, 6:07-cv-15733-Orl-22DAB, 2009 WL 260989, at *1 (M.D. Fla. Feb. 4, 2009). Likewise, "[i]n light of the preliminary or preemptive nature of motions in limine, 'any party may seek reconsideration at trial in light of the evidence actually presented and shall make contemporaneous objections when evidence is elicited.'" *Holder v. Anderson*, No. 3:16-CV-1307-J-39JBT, 2018 WL 4956757, at *1 (M.D. Fla. May 30, 2018) (quoting *Miller ex rel. Miller v. Ford Motor Co.*, No. 2:01CV545FTM-29DNF, 2004 WL 4054843, at *1 (M.D. Fla. July 22, 2004)); *In re Seroquel Prod. Liab. Litig.*, 2009 WL 260989, at *1 ("The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion *in limine*." (citing *United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989))).

Evidence is admissible if relevant, and evidence is relevant if it has any tendency to prove or disprove a fact of consequence. Fed. R. Evid. 401, 402; Advisory Comm. Notes, Fed. R. Evid. 401 ("The standard of probability under the rule is 'more probable than it would be without the evidence.'"); *United States v. Patrick*, 513 F. App'x 882, 886 (11th Cir. 2013). A district court may exclude relevant evidence under Rule 403 if "its probative value is substantially outweighed

by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting of time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Rule 403 is an extraordinary remedy which the district court should invoke sparingly, and the balance should be struck in favor of admissibility." *Patrick*, 513 F. App'x at 886 (citing *United States v. Lopez*, 649 F.3d 1222, 1247 (11th Cir. 2011); *United States v. Alfaro-Moncada*, 607 F.3d 720, 734 (11th Cir. 2010)). Rule 403's "major function . . . is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." *United States v. Grant*, 256 F.3d 1146, 1155 (11th Cir. 2001). The movant has the burden to demonstrate that the evidence is inadmissible. *Gonzalez*, 718 F. Supp. 2d at 1345.

## III.    DISCUSSION

In the Lay Witness Motion, Defendant asserts that it anticipates that Plaintiff "will attempt to testify in the form of an opinion about the design of the Subject Generator and why he believe[s] it to be defective. Plaintiff may also attempt to elicit opinion testimony from other lay witnesses." ECF No. [57] at 1. Defendant maintains that Plaintiff admits that he is not an expert, he does not know why the generator allegedly exploded, and that Plaintiff's lay opinions are based on reviewing information on the internet, which particular sources he cannot recall. *Id.* at 1-2. In Defendant's view, Plaintiff is not qualified to testify in the form of expert opinions under Fed. R. Evid. 702, his opinions about the generator's design and alleged ignition source are inadmissible lay witness testimony under Rule 701, and "[p]ermitting opinion testimony from Plaintiff, or any other lay witness, would mislead the trier of fact to the prejudice of Defendant." *Id.* at 2. Plaintiff responds that the incident with the generator occurred because fumes were sucked down the armature and ignited by brushes. ECF No. [75] at 1. He adds that this is "not a complex case" to determine the cause of the incident, and he notes that this Court previously stated that Plaintiff can

"rebut this presumption [that the destroyed generator was relevant and favorable to Defendant and unfavorable to Plaintff] through his presentation of evidence." *Id.* at 2 (citing ECF No. [45] at 12).

Upon review, the Court agrees with Defendant that lay witnesses, including Plaintiff, cannot opine on whether the generator was defective. As explained in the Order granting in part and denying in part's Defendant's motion for summary judgment, ECF No. [79], expert testimony is necessary to prove that a product is defective. *See Fagundez v. Louisville Ladder, Inc.*, No. 10-23131-CIV, 2011 WL 6754089, at *2 (S.D. Fla. Dec. 22, 2011), *report and recommendation adopted*, 2012 WL 12844303 (S.D. Fla. Jan. 19, 2012) (defects "must be proven by expert testimony"); *Eghnayem v. Bos. Sci. Corp.*, No. 1:14-CV-024061, 2016 WL 4051311, at *6 (S.D. Fla. Mar. 17, 2016), *aff'd*, 873 F.3d 1304 (11th Cir. 2017) ("Federal courts applying Florida law have held that expert testimony is necessary to prove a product is defective."); *Citizens Prop. Ins. Corp. v. Simkar LLC*, 813 F. Supp. 2d 1356, 1362 (M.D. Fla. 2011) ("To prevail in a products liability case under Florida law for either negligence or strict liability, Plaintiff must establish a defect in the subject product . . . And expert testimony is necessary to establish the existence of a [] defect."); *Alexander v. Danek Med., Inc.*, 37 F. Supp. 2d 1346, 1349 (M.D. Fla. 1999) ("To prove a defective product, a defect must be proven by expert testimony."). Further, the Court's previous statement did not relieve Plaintiff from his burden of proving a product defect through expert testimony. Plaintiff is not an expert, and he fails to present expert witnesses that will testify that the generator was defective. Accordingly, neither Plaintiff or other lay witnesses may opine on the defective nature of the generator nor whether the generator's design or ignition source caused the alleged explosion.

Accordingly, it is **ORDERED AND ADJUDGED** that the Motions, **ECF Nos. [56], [57],** and **[58]**, are **GRANTED**.

Case No. 19-cv-23134-BLOOM/Louis

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 11, 2020.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record