UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-23134-BLOOM/Louis

GARY PENICK,

    Plaintiff,

v.

HARBOR FREIGHT TOOLS, USA, INC.,

    Defendant.
_____/

**OMNIUBUS ORDER ON DEFENDANT'S AMENDED RULE 59(e) MOTION
AND AMENDED MOTION *IN LIMINE***

**THIS CAUSE** is before the Court upon Defendant's Amended Rule 59(e) Motion to Amend Order on Defendant's Motion for Summary Judgement as to Plaintiff's Failure to Warn Claim, ECF No. [88] ("Reconsideration Motion"), and Defendant's Amended Motion in Limine to Preclude Testimony, Statements, Suggestions or Inferences That Removal of the Generator's Gas Cap Caused, Resulted In or Contributed to the Occurrence of the Alleged Explosion, ECF No. [87] ("Motion *in Limine*") (together, "Motions"), filed on December 21, 2020. Despite being granted numerous extensions of time to respond, *see* ECF Nos. [92], [94], [97], [99], [102], [103], Plaintiff has failed to file responses to the Motions. Pursuant to the Local Rules, such a failure constitutes sufficient grounds to grant the Motions by default. *See* S.D. Fla. L.R. 7.1(c)(1). Nevertheless, the Court has carefully reviewed the Motions, the record in this case and the applicable law, and is otherwise fully advised. For the reasons that follow, the Motions are denied.

**I.    BACKGROUND**

This case arises as a result of injuries sustained by Plaintiff to his face and eyes while operating a generator sold by Defendant. *See* ECF No. [1-1] at 10-16. Specifically, Plaintiff has

asserted that he removed the gas cap on the top of the generator to check the volume of gas while the generator was running. A poof of fire exploded in his face immediately after he removed the generator's cap. As a result, Plaintiff has asserted three causes of action against Defendant, negligence (Count I), strict liability (Count II), and failure to warn (Count III). Defendant filed previously its Motion for Summary Judgment, ECF No. [53], requesting the entry of judgment on all of Plaintiff's claims. On November 10, 2020, the Court entered its Order, ECF No. [79], granting summary judgment in part. Specifically, the Court granted summary judgment on Counts I and II, but denied summary judgment on Count III, the failure to warn claim. The Court rejected Defendant's argument that it had no duty to warn because there was no evidence that the generator was defective, dangerous, or even involved in the alleged incident. *See* ECF No. [79] at 12-13.[1]

In the Reconsideration Motion, Defendant requests that the Court amend its Order, and grant summary judgment as to Plaintiff's failure to warn claim. In the Motion *in Limine*, Defendant requests that the Court enter an order precluding Plaintiff, Plaintiff's counsel, and all other witnesses from testifying, stating, suggesting, or inferring that removal of the generator's gas cap caused, resulted in, or contributed to the occurrence of the alleged explosion. The Court considers the Motions in turn.

## II. LEGAL STANDARD

### i. Reconsideration

"Rule 59(e) of the Federal Rules of Civil Procedure authorizes a party to file a motion to alter or amend a judgment within 28 days after the entry of the judgment." *Bland v. Alabama*, No. 2:15-CV-0029-MHH-JEO, 2016 WL 10930989, at *1 (N.D. Ala. Oct. 6, 2016) (citations omitted). However, the United States Supreme Court and the Court of Appeals for the Eleventh Circuit have

---

[1] The Court granted summary judgment on Counts I and II based on Plaintiff's inability to prove a defect in the generator. *See* ECF No. [79] at 9-10.

made it clear that Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008); *see also Stansell v. Revolutionary Armed Forces of Colombia*, 771 F.3d 713, 746 (11th Cir. 2014); *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999) (recognizing that Rule 59(e) motions may only be granted based on "newly-discovered evidence or manifest errors of law or fact."); *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) ("A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment."). "A motion for relief under Rule 59(e) is a matter committed to the discretion of the district court." *Bland*, 2016 WL 10930989, at *1 (citing *Stansell*, 771 F.3d at 746).

"[C]ourts have delineated three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Williams v. Cruise Ships Catering & Serv. Int'l, N.V.*, 320 F. Supp. 2d 1347, 1357-58 (S.D. Fla. 2004) (citing *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994)); *see Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002). "[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Wendy's Int'l, Inc. v. Nu-Cape Const., Inc.*, 169 F.R.D. 680, 685 (M.D. Fla. 1996); *see also Campero USA Corp. v. ADS Foodservice, LLC*, 916 F. Supp. 2d 1284, 1290 (S.D. Fla. 2012). "[T]he movant must do more than simply restate his or her previous arguments, and any arguments the movant failed to raise in the earlier motion will be deemed waived." *Compania de Elaborados de Cafe v. Cardinal Cap. Mgmt., Inc.*, 401 F. Supp. 2d 1270, 1283 (S.D. Fla. 2003). Simply put, a party "cannot use a Rule 59(e) motion to relitigate old matters, raise argument or present evidence

that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005).

### ii. Motions *in limine*

"In fairness to the parties and their ability to put on their case, a court should exclude evidence *in limine* only when it is clearly inadmissible on all potential grounds." *United States v. Gonzalez*, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010). "The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground." *Id.* "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *In re Seroquel Prods. Liab. Litig.*, Nos. 6:06-md-1769-Orl-22DAB, 6:07-cv-15733-Orl-22DAB, 2009 WL 260989, at *1 (M.D. Fla. Feb. 4, 2009). Likewise, "[i]n light of the preliminary or preemptive nature of motions in limine, 'any party may seek reconsideration at trial in light of the evidence actually presented and shall make contemporaneous objections when evidence is elicited.'" *Holder v. Anderson*, No. 3:16-CV-1307-J-39JBT, 2018 WL 4956757, at *1 (M.D. Fla. May 30, 2018) (quoting *Miller ex rel. Miller v. Ford Motor Co.*, No. 2:01CV545FTM-29DNF, 2004 WL 4054843, at *1 (M.D. Fla. July 22, 2004)); *In re Seroquel Prod. Liab. Litig.*, 2009 WL 260989, at *1 ("The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion *in limine*." (citing *United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989))).

### III. DISCUSSION

#### i. Rule 59(e) Motion

In the Reconsideration Motion, Defendant requests that the Court amend its prior Order and grant summary judgment as to the failure to warn claim. Defendant contends that Plaintiff fails

to establish proximate cause, that Defendant had no duty to warn because no evidence exists that Defendant placed the generator on the market with knowledge that removal of the gas cap would cause an explosion, and that the generator is not an "inherently dangerous" product.

Upon review, the Reconsideration Motion is due to be denied because Defendant fails to set forth any ground warranting reconsideration. Indeed, Defendant does not address any of the three potential grounds justifying reconsideration and simply presents additional arguments supporting its earlier request for summary judgment on the failure to warn claim. However, Defendant has not explained why it failed to make these arguments in its Motion for Summary Judgment, nor does is assert that it was otherwise unable to do so. A party may not use a motion for reconsideration to "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (quoting *Michael Linet, Inc.*, 408 F.3d at 763). "This prohibition includes new arguments that were 'previously available, but not pressed.'" *Id.* (quoting *Stone v. Wall,* 135 F.3d 1438, 1442 (11th Cir. 1998) (per curiam)). Accordingly, the Reconsideration Motion will be denied.

### ii. Motion *in Limine*

In the Motion *in Limine*, Defendant requests that the Court preclude Plaintiff, Plaintiff's counsel, or any of Plaintiff's witnesses from testifying regarding causation because Plaintiff has no experts and no evidence to prove that removal of the gas cap was the proximate cause of the alleged explosion. Defendant further contends that Plaintiff should be precluded from testifying that the alleged incident would not have occurred if Defendant had placed warnings on the generator or in the Owner's Manual, or that Defendant knew that removal of the gas cap while the

generator is running would result in an explosion, or that doing so is dangerous, because there is neither physical evidence nor expert witness testimony to support these claims.

Defendant, however, has provided no authority for the proposition that an expert must testify with respect to proximate cause or the sufficiency of the warnings. "Generally, a litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point. The court will not do his research for him." *Melford v. Kahane & Assocs.*, 371 F. Supp. 3d 1116, 1126 n.4 (S.D. Fla. 2019) (internal quotations and citation omitted).

Furthermore, as the Court noted in its Order, there is testimony from the Plaintiff that a poof of fire exploded in his face after he removed the generator's cap, that he would not have opened the cap while the generator was running had he known not to open it. The Court further noted that certain warnings were contained in the generator's owner's manual that the generator can cause "serious injury" and "death," yet the manual did not expressly warn against opening the gas tank while the generator was running. *See* ECF No. [79] at 12. As a result, the Court previously determined that Plaintiff produced sufficient evidence supporting his failure to warn claim, and that Defendant was not entitled to summary judgment. Moreover, since Defendant is not entitled to reconsideration of the Court's Order, Defendant's arguments regarding the exclusion of testimony that rely upon its contentions in the Reconsideration Motion necessarily fail.

Nevertheless, a district court may exclude relevant evidence under Rule 403 of the Federal Rules of Evidence if "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting of time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Rule 403 is an extraordinary remedy which the district court should invoke sparingly, and the balance should be struck in favor of

admissibility." *United States v. Patrick*, 513 F. App'x 882, 886 (11th Cir. 2013) (citing *United States v. Lopez*, 649 F.3d 1222, 1247 (11th Cir. 2011) and *United States v. Alfaro-Moncada*, 607 F.3d 720, 734 (11th Cir. 2010)). The movant has the burden to demonstrate that the evidence is inadmissible. *United States v. Gonzalez*, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010). Here, although Defendant asserts that it would be "irreparably and unduly prejudiced" if Plaintiff makes these claims at trial, Defendant fails to carry its burden to demonstrate why precluding such testimony would be warranted in this case. As a result, the Motion *in Limine* must be denied.

### IV.  CONCLUSION

Accordingly, the Motions, **ECF Nos. [87]** and **[88]**, are **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 5, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record