UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

GARY R. PENICK

      Plaintiff,

v.                                 Case No. 1:19-cv-23134-BB

HARBOR FREIGHT TOOLS, USA, INC.

      Defendant.

_____/

### DEFENDANT'S PROPOSED JURY INSTRUCTIONS AND VERDICT FORM[1]

    Defendant, HARBOR FREIGHT TOOLS, USA, INC., by and through undersigned counsel and pursuant to this Court's Trial Order, ECF No. [100], requests this Honorable Court give the following jury instructions, as well as any additional instructions that become necessary as evidence is presented, and use the attached verdict form in the trial on this cause.

                           Respectfully submitted,
                           LEWIS BRISBOIS BISGAARD & SMITH LLP
                           /s/ *Taylor K. McKnight*
                           John A. Rine
                           Taylor K. McKnight
                           Attorneys for Defendant

### CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on this 19th day of April, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a Notice of Service of Electronic Filing to **Robert J. Galamaga, Esq.,** The Law Office of Robert J. Galamaga, at the following designated email addresses: robertgalamaga@aol.com.

                           LEWIS BRISBOIS BISGAARD & SMITH LLP
                           /s/ *Taylor K. McKnight*
                           JOHN A. RINE
                           Florida Bar Number 989400
                           Email:john.rine@lewisbrisbois.com;
                           flcourtmail@lewisbrisbois.com;
                           karen.halsey@lewisbrisbois.com

---

[1] Plaintiff has represented that he is unable to review Defendant's Proposed Jury Instructions prior to the deadline imposed in the Court's Order, ECF No. [100]. Plaintiff has further represented that he neither objects or consents to the content herein.

TAYLOR K. MCKNIGHT
Florida Bar Number 98687
Email:taylor.mcknight@lewisbrisbois.com;
flcourtmail@lewisbrisbois.com;
alyson.waller@lewisbrisbois.com
401 East Jackson Street, Suite 3400
Tampa, Florida 33602
Phone: 813-739-1900; Fax: 813-739-1919
Attorneys for Defendant

**Contents**

I.      VOIR DIRE AND JURY SELECTION ........................................................ 5

      PROPOSED INSTRUCTION NO. 1.  OATH OF JURORS BEFORE VOIR DIRE. ............. 6

      PROPOSED INSTRUCTION NO. 2.  DESCRIPTION OF CASE BEFORE VOIR DIRE...... 7

      PROPOSED INSTRUCTION NO. 3. INTRODUCTION TO PARTICIPANTS.................... 9

      PROPOSED INSTRUCTION NO. 4.  EXPLANATION OF VOIR DIRE. ..........................11

II.     INTRODUCTORY INSTRUCTIONS AFTER VOIR DIRE.........................................13

      PROPOSED INSTRUCTION NO. 5.  OATH OF JURORS BEFORE VOIR DIRE. ............14

      PROPOSED INSTRUCTION NO. 6.  INTRODUCTORY INSTRUCTION........................15

      PROPOSED INSTRUCTION NO. 7.  JUROR QUESTIONS..............................................22

III.    PRESENTATION OF EVIDENCE..................................................................24

      PROPOSED INSTRUCTION NO. 8.  OATH OF A WITNESS. ..........................................25

      PROPOSED INSTRUCTION NO. 9.   OATH OF AN INTERPRETER.............................26

      PROPOSED INSTRUCTION NO. 10. USE OF DEPOSITIONS.........................................27

      PROPOSED INSTRUCTION NO. 11.  USE OF INTERROGATORIES. ............................28

IV.     SUBSTANTIVE INSTRUCTIONS ...............................................................29

      PROPOSED INSTRUCTION NO. 12.   COURT'S INSTRUCTIONS TO THE JURY.........30

      PROPOSED INSTRUCTION NO. 13. DUTY TO FOLLOW INSTRUCTIONS
      (CORPORATE PARTY INVOLVED)....................................................................31

      PROPOSED INSTRUCTION NO. 14.  RESPONSIBILITY FOR PROOF
      PREPONDERANCE OF THE EVIDENCE.............................................................32

      PROPOSED INSTRUCTION NO. 15.  NEGLIGENCE.....................................................33

      PROPOSED INSTRUCTION NO. 16.  NEGLIGENT FAILURE TO WARN. .....................34

      PROPOSED INSTRUCTION NO. 17.    MISSING EVIDENCE PRESUMED FAVORABLE
      TO HARBOR FREIGHT. .................................................................................36

      PROPOSED INSTRUCTION NO. 18.  AFFIRMATIVE DEFENSES. .................................37

V.      DAMAGES ............................................................................................38

      PROPOSED INSTRUCTION NO. 19.  INTRODUCTION.................................................39

      PROPOSED INSTRUCTION NO. 20.  DAMAGES. ........................................................40

      PROPOSED INSTRUCTION NO. 21.   COMPARATIVE NEGLIGENCE. .........................42

      PROPOSED INSTRUCTION NO. 22.   OTHER CONTRIBUTING CAUSES OF
      DAMAGES. ...................................................................................................43

      PROPOSED INSTRUCTION NO. 23.  REDUCTION OF DAMAGES TO PRESENT
      VALUE.........................................................................................................44

VI.     INSTRUCTIONS BEFORE DELIBERATION ............................................45

      PROPOSED INSTRUCTION NO. 24.    WEIGHING THE EVIDENCE..............................46

PROPOSED INSTRUCTION NO. 25.  CREDIBILITY OF WITNESSES............................47

PROPOSED INSTRUCTION NO. 26.  IMPEACHMENT OF WITNESSES BECAUSE OF INCONSISTENT STATEMENTS. ......................................................................................48

PROPOSED INSTRUCTION NO. 27.  EXPERT WITNESS. .............................................49

PROPOSED INSTRUCTION NO. 28.    DUTY TO DELIBERATE. ...................................50

PROPOSED INSTRUCTION NO. 29.  CONCLUDING INSTRUCTION BEFORE FINAL ARGUMENT. ............................................................................................................................51

VII.   CLOSING INSTRUCTIONS..........................................................................................52

PROPOSED INSTRUCTION NO. 30.  CLOSING INSTRUCTIONS. ................................53

PROPOSED INSTRUCTION NO. 31.  ELECTION OF FOREPERSON AND EXPLANATION OF VERDICT FORM. .............................................................................56

PROPOSED VERDICT FORM ............................................................................................57

I.      **VOIR DIRE AND JURY SELECTION**

## PROPOSED INSTRUCTION NO. 1.
## OATH OF JURORS BEFORE VOIR DIRE.

Do you solemnly swear or affirm that you will answer truthfully all questions asked of you as prospective jurors [so help you God]?

**Authority:** Florida Standard Jury Instruction No. 101.1

**Annotation/Comment:**

## PROPOSED INSTRUCTION NO. 2.
## DESCRIPTION OF CASE BEFORE VOIR DIRE.

Welcome. [I] [The clerk] will now administer your oath. Now that you have been sworn, I'd like to give you an idea about what we are here to do.

This is a civil trial. A civil trial is different from a criminal case, where a defendant is charged by the state prosecutor with committing a crime. The subject of a civil trial is a disagreement between people or companies, where their claims have been brought to court to be resolved. It is called "a trial of a lawsuit."

This is a products liability case. The only claim against Harbor Freight is negligent failure to warn. The Court has previously determined that there is no genuine dispute that the generator was not defective. In other words, there is no evidence that the generator was defective.

*PLAINTIFF:* Mr. Penick alleges that he sustained burn injuries from an alleged explosion resulting from removal of a generator's gas cap while the engine was running. The subject generator is manufactured by Harbor Freight. Mr. Penick alleges that Harbor Freight negligently failed to warn him that removal of the generator's gas cap while it is running would result in the alleged explosion that allegedly caused his injuries.

*DEFENDANT:* Harbor Freight denies that there was an explosion and that removal of the generator's gas cap while the engine is running reasonably could result in the explosion alleged by Mr. Penick. Therefore, Harbor Freight also denies that it knew or should have known that removal of the generator's gas cap while the engine is running reasonably could result in an explosion such that it should have warned Mr. Penick.

The incident involved in this case occurred on October 21, 2018. The principal witnesses who will testify likely testify at trial are:

    a.  **Gary Penick**
          Miami, Florida

    b.  **Sara Perez**
          Miami, Florida

    c.  **Guillermo Rodriquez**
          Senior Director Global Product Safety and Products Compliance
          c/o Harbor Freight Tools, USA, Inc.

    d.  **Thomas Young, IAAI, CFI, (V) CFEI, CFII**
          Vice President, Fire Division
          Rimkus Consulting
          7851 Woodland Center Blvd
          Tampa, FL 33614

    e.  **Dr. Carl Ivan Schulman, MD, PhD, MSPH, FACS**
          Professor of Surgery
          Associate Director, UM/JM Burn Center
          1540 Stillwater Drive
          Miami Beach, Florida 33141

    f.  **Carol Lynn Karp, MD**
          Professor of Ophthalmology
          Richard K. Forester Chair in Ophthalmology
          Dr. Ronald & Alicia Lepke Endowed Professorship in Cornea and Ocular Surface Diseases
          Bascom Palmer Eye Institute
          University of Miami Miller School of Medicine
          900 NW 17th Street
          Miami, Florida 33136

**Authority:** Florida Standard Jury Instruction No. 201.1.

**Annotation/Comment:**

## PROPOSED INSTRUCTION NO. 3.
## INTRODUCTION TO PARTICIPANTS.

Judge/Court: I am the Judge. You may hear people occasionally refer to me as "The Court." That is the formal name for my role. My job is to maintain order and decide how to apply the rules of the law to the trial. I will also explain various rules to you that you will need to know in order to do your job as the jury. It is my job to remain neutral on the issues of this lawsuit.

Parties: A party who files a lawsuit is called the Plaintiff. A party that is sued is called the Defendant. In this case, Mr. Gary Penick is the Plaintiff, while Harbor Freight Tools is the Defendant.

Attorneys: The attorneys have the job of representing their clients. That means they speak for their client here at the trial. They have taken oaths as attorneys to do their best and to follow the rules for their profession.

Plaintiff's Counsel: The attorney on this side of the courtroom, Robert Galamaga, represents the Plaintiff, Gary Penick, who is the person who filed the lawsuit here at the courthouse. His job is to present his client's side of things to you. His client will be referred to most of the time as "the Plaintiff" or "Mr. Penick."

Harbor Freight Tools, Inc., USA: The attorneys on this side of the courtroom, John Rine and Taylor McKnight, represent Harbor Freight – the party that has been sued. Their job is to present their client's side of things to you. Their client will usually be referred to here as "Harbor Freight."

Court Clerk: This person sitting in front of me, (name), is the court clerk. [He]/ [She] is here to assist me with some of the mechanics of the trial process, including the numbering and collection of the exhibits that are introduced in the course of the trial.

Court Reporter: The person sitting at the stenographic machine, (name), is the court reporter. [His] [Her] job is to keep an accurate legal record of everything we say and do during this trial.

Bailiff: The person over there, (name), is the bailiff. [His] [Her] job is to maintain order and security in the courtroom. The bailiff is also my representative to the jury. Anything you need or any problems that come up for you during the course of the trial should be brought to [him] [her]. However, the bailiff cannot answer any of your questions about the case. Only I can do that.

Jury: Last, but not least, is the jury, which we will begin to select in a few moments from among all of you. The jury's job will be to decide what the facts are and what the facts mean. Jurors should be as neutral as possible at this point and have no fixed opinion about the lawsuit.

**Authority**: Florida Standard Jury Instruction 201.2.

**Annotations/Comments:**

## PROPOSED INSTRUCTION NO. 4.
## EXPLANATION OF VOIR DIRE.

The last thing I want to do, before we begin to select the jury, is to explain to you how the selection process works.

Questions/Challenges: This is the part of the case where the parties and their lawyers have the opportunity to get to know a little bit about you, in order to help them come to their own conclusions about your ability to be fair and impartial, so they can decide who they think should be the jurors in this case.

How we go about that is as follows: First, I'll ask some questions of you. After I have asked all of the questions, I will meet with the lawyers for each party and they will tell me their choices for jurors. Each side can ask that I exclude a person from serving on a jury if they can give me a reason to believe that he or she might be unable to be fair and impartial. That is what is called a challenge for cause. The lawyers also have a certain number of what are called peremptory challenges, by which they may exclude a person from the jury without giving a reason. By this process of elimination, the remaining persons are selected as the jury. It may take more than one conference among the parties, their attorneys, and me before the final selections are made.

Purpose of Questioning: The questions that you will be asked during this process are not intended to embarrass you or unnecessarily pry into your personal affairs, but it is important that the parties and their attorneys know enough about you to make this important decision. If a question is asked that you would prefer not to answer in front of the whole courtroom, just let me know and you can come up here and give your answer just in front of the attorneys and me. If you have a question of either the attorneys or me, don't hesitate to let me know.

Response to Questioning: There are no right or wrong answers to the questions that will be asked of you. The only thing that I ask is that you answer the questions as frankly and as honestly

and as completely as you can. You [have taken] an oath to answer all questions truthfully and completely and you must do so. Remaining silent when you have information you should disclose is a violation of that oath as well. If a juror violates this oath, it not only may result in having to try the case all over again but also can result in civil and criminal penalties against a juror personally. So, again, it is very important that you be as honest and complete with your answers as you possibly can. If you don't understand the question, please raise your hand and ask for an explanation or clarification.

In the process of selecting the jury, some of the questions may be meant to help the lawyers anticipate if your beliefs, experiences, or attitudes might make it difficult for you to apply the rules of law. Jurors take an oath to follow the law. After the jury is chosen and sworn in, I will instruct the jury on the rules they must follow in deciding this case. It is important for you to remember that it will not be the jury's job to decide what the law ought to be Rather, the jury is to determine what the facts are, then apply the law to those facts, using the court's instructions on the rules of law to apply—which will be fully given to the jury at the appropriate time.

In sum, this is a process to assist the parties and their attorneys to select a fair and impartial jury. All of the questions they ask you are for this purpose. If, for any reason, you do not think you can be a fair and impartial juror, you must tell us.

**Authority:** Florida Standard Jury Instruction No. 201.3 (edited to remove references to counsel conducting voir dire).

**Annotation/Comment:**

II.      **<u>INTRODUCTORY INSTRUCTIONS AFTER VOIR DIRE</u>**

**PROPOSED INSTRUCTION NO. 5.**
**OATH OF JURORS BEFORE VOIR DIRE.**

Do you solemnly swear or affirm that you will well and truly try this case between the plaintiff and defendant, and a true verdict render according to the law and evidence [so help you God]?

**Authority:** Florida Standard Jury Instruction No. 101.2.

**Annotation/Comment:**

## PROPOSED INSTRUCTION NO. 6.
## INTRODUCTORY INSTRUCTION

Members of the Jury: Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

THE JURY'S DUTY:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply – and you must follow the law even if you disagree with it.

WHAT IS EVIDENCE:

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence" – simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

WHAT IS NOT EVIDENCE:

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did – unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if [he/she] thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence – this is also called "striking" evidence – and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

CREDIBILITY OF WITNESSES:

To reach a verdict, you may have to decide which testimony to believe and which testimony

not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

- the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;

- the witness's memory;

- the witness's manner while testifying;

- any interest the witness has in the outcome of the case;

- any bias or prejudice the witness may have;

- any other evidence that contradicts the witness's testimony;

- the reasonableness of the witness's testimony in light of all the evidence; and

- any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

DESCRIPTION OF THE CASE:

This is a products liability case. To help you follow the evidence, I'll summarize the parties' positions.

The only claim against Harbor Freight is negligent failure to warn. The Court has previously determined that there is no genuine dispute that the generator was not defective. In other words, there is no evidence that the generator was defective.

*PLAINTIFF:* Mr. Penick alleges that he sustained burn injuries from an alleged explosion resulting from removal of a generator's gas cap while the engine was running. The subject generator is manufactured by Harbor Freight. Mr. Penick alleges that Harbor Freight negligently

failed to warn him that removal of the generator's gas cap while it is running would result in the alleged explosion that allegedly caused his injuries.

**DEFENDANT:** Harbor Freight denies that there was an explosion and that removal of the generator's gas cap while the engine is running reasonably could result in the explosion alleged by Mr. Penick. Therefore, Harbor Freight also denies that it knew or should have known that removal of the generator's gas cap while the engine is running reasonably could result in an explosion such that it should have warned Mr. Penick.

BURDEN OF PROOF:

Mr. Penick has the burden of proving his case by what the law calls a "preponderance of the evidence." That means Mr. Penick must prove that, in light of all the evidence, what he claims is more likely true than not. So, if you could put the evidence favoring Mr. Penick and the evidence favoring Harbor Freight on opposite sides of balancing scales, Mr. Penick needs to make the scales tip to his side. If he fails to meet this burden, you must find in favor of Harbor Freight.

To decide whether any fact has been proved by a preponderance of the evidence, you may – unless I instruct you otherwise – consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

 On certain issues, called "affirmative defenses," Harbor Freight has the burden of proving the elements of a defense by a preponderance of the evidence. I'll instruct you on the facts Harbor Freight must prove for any affirmative defense. After considering all the evidence, if you decide that Harbor Freight has successfully proven that the required facts are more likely true than not, the affirmative defense is proved.

CONDUCT OF THE JURY:

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything – all the evidence, the lawyers' closing arguments, and my instructions on the law – before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means. This includes e-mails, text messages, phone calls, and the Internet, including social-networking websites and apps such as Facebook, Instagram, Snapchat, YouTube, and Twitter. You may not use any similar technology of social media, even if I have not specifically mentioned it here.

You must not provide any information about the case to anyone by any means whatsoever, and that includes posting information about the case, or what you are doing in the case, on any device or Internet site, including blogs, chat rooms, social websites, or any other means.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair

to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair – no one else is so qualified.

TAKING NOTES:

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

COURSE OF THE TRIAL:

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, Mr. Penick will present his witnesses and ask them questions. After Mr. Penick questions a witness, Harbor Freight may ask the witness questions – this is called "cross-examining" the witness. Then Harbor Freight will present its witnesses, and Mr. Penick may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law. You'll then go to the jury room to deliberate.

**Authority:** Eleventh Circuit Civil Pattern Jury Instructions Preliminary Instruction 1.1.

**Annotations/Comments:**

## PROPOSED INSTRUCTION NO. 7.
## JUROR QUESTIONS.

During this trial, you may submit questions to a witness after the lawyers have finished their own questioning. Here is how the procedure works: After each witness has testified, and the lawyers have asked all of their questions, I'll ask if any of you have questions. If you have a question, write it down and give it to the court staff.

You may submit a question for a witness only to clarify an answer or to help you understand the evidence. Our experience with juror questions indicates that jurors rarely have more than a few questions for any one witness, and there may be no questions at all for some witnesses.

If you submit a question, the court staff will give it to me and I'll share your questions with the lawyers in the case. If the rules of evidence allow your question, one of the lawyers or I will read your question to the witness. I may modify the form or phrasing of a question so that it's allowed under the evidence rules. Sometimes, I may not allow the questions to be read to the witness, either because the law does not allow it or because another witness is in a better position to answer the question. If I can't allow the witness to answer a question, you must not draw any conclusions from that fact or speculate on what the answer might have been.

Here are several important things to keep in mind about your questions for the witnesses:

- First, you must submit all questions in writing. Please don't ask any questions aloud.

- Second, the court can't re-call witnesses to the stand for additional juror questions. If you have a question for a particular witness, you must submit it when I ask.

- Finally, because you should remain neutral and open-minded throughout the trial, you should phrase your questions in a way that doesn't express an opinion about the case or a witness. You must keep an open mind until you've heard all the evidence, the closing arguments, and my final instructions on the law.

**Authority:** Eleventh Circuit Civil Pattern Jury Instructions Preliminary Instruction 1.4.

**Annotation/Comment:**

III.     **<u>PRESENTATION OF EVIDENCE</u>**

**PROPOSED INSTRUCTION NO. 8.**
**OATH OF A WITNESS.**

Do you solemnly swear or affirm that the evidence you are about to give will be the truth,

the whole truth, and nothing but the truth [so help you God]?

**Authority:** Florida Standard Jury Instruction No. 101.3.

**Annotation/Comment:**

25

**PROPOSED INSTRUCTION NO. 9.**
**OATH OF AN INTERPRETER.**

Do you solemnly swear or affirm that you will make a true interpretation to the witness of all questions or statements made to [him] [her] in a language which that person understands, and a true interpretation of the witness' statements into the English language [so help you God]?

**Authority:** Florida Standard Jury Instruction No. 101.4.

**Annotation/Comment:**

## PROPOSED INSTRUCTION NO. 10.
## USE OF DEPOSITIONS.

A deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

The deposition of [name of witness], taken on [date], [is about to be/has been] presented to you [by a video/by reading the transcript]. Deposition testimony is entitled to the same consideration as live testimony, and you must judge it in the same way as if the witness was testifying in court.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

**Authority:** Eleventh Circuit Pattern Jury Instruction No. 2.2.

**Annotation/Comment:**

## PROPOSED INSTRUCTION NO. 11.
## USE OF INTERROGATORIES.

[You'll now hear/You've heard] answers that [name of party] gave in response to written questions the other side submitted. The questions are called "interrogatories." Before the trial, [name of party] gave the answers in writing

while under oath.

You must consider [name of party]'s answers to as though [name of party] gave the answers on the witness stand.

**Authority:** Eleventh Circuit Pattern Jury Instruction No. 2.6.

**Annotation/Comment:**

28

IV.     **<u>SUBSTANTIVE INSTRUCTIONS</u>**

## PROPOSED INSTRUCTION NO. 12.
## COURT'S INSTRUCTIONS TO THE JURY.

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

**Authority:** Eleventh Circuit Civil Pattern Jury Instructions No. 3.1.

**Annotation/Comment:**

## PROPOSED INSTRUCTION NO. 13.
## DUTY TO FOLLOW INSTRUCTIONS (CORPORATE PARTY INVOLVED)

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

**Authority:** Eleventh Circuit Civil Pattern Jury Instruction No. 3.2.2.

**Annotation/Comment:**

31

**PROPOSED INSTRUCTION NO. 14.**
**RESPONSIBILITY FOR PROOF PREPONDERANCE OF THE EVIDENCE.**

It is the responsibility of the Mr. Penick to prove every essential part of his claim by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" means an amount of evidence that is enough to persuade you that the Mr. Penick's claim is more likely true than not true.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Mr. Penick's claims by a preponderance of the evidence, you should find for Harbor Freight.

**Authority:** Eleventh Circuit Civil Pattern Jury Instruction No. 3.7.1.

**Annotation/Comment:**

## PROPOSED INSTRUCTION NO. 15.
## NEGLIGENCE.

Negligence is the failure to use reasonable care, which is the care that a reasonably careful person would use under like circumstances. Negligence is doing something that a reasonably careful person would not do under like circumstances or failing to do something that a reasonably careful person would do under like circumstances.

**Authority:** Florida Standard Jury Instruction No. 401.4.

**Annotation/Comment:**

## PROPOSED INSTRUCTION NO. 16.
## NEGLIGENT FAILURE TO WARN.

Mr. Penick alleges that Harbor Freight negligently failed to warn that removal of the generator's gas cap while the engine is running could result in an explosion. This requires Mr. Penick to prove <u>each of the following</u> by a preponderance fof the evidence:

- The generator exploded;

- The alleged explosion was caused by removing the gas cap while the generator was running;

- Harbor Freight knew or should have known that removing the generator's gas cap while it was running could result in the alleged explosion;

- Harbor Freight acted negligently in failing to warn of the known danger; and

- But for this alleged failure to warn, the alleged explosion and alleged injuries would not have occurred.

To prove that Harbor Freight acted "negligently" here, Mr. Penick must demonstrate, by a preponderance of the evidence, that this particular risk arises when the generator is being used in a foreseeable way *and* that Harbor Freight knew or should have known about this particular risk.

If you find that Harbor Freight was negligent, you must also determine whether that negligence was a legal cause of Mr. Penick's alleged injuries. Negligence is a legal cause of injury only if it directly and in natural and continuous sequence produces or contributes substantially to producing those injuries. To show that this negligence was the legal cause of his injuries, Mr. Penick must show that but for the negligence, he would not have been injured.

34

**Authority:** Eleventh Circuit Civil Pattern Jury Instruction No. 3.7.1 (preponderance of the evidence standard); Florida Standard Jury Instructions 403.10 and 403.12; *Colville v. Pharmacia & Upjohn Co.*, 565 F. Supp. 1314 (N.D. Fla. 2008); *Keleseny v. Chevron, U.S.A., Inc.*, 262 F.R.D. 660 (S.D. Fla. 2009).

**Annotation/Comment:**

## PROPOSED INSTRUCTION NO. 17.
## MISSING EVIDENCE PRESUMED FAVORABLE TO HARBOR FREIGHT.

You have heard much about the generator itself. Mr. Penick destroyed this piece of evidence and gave Harbor Freight no opportunity to inspect the subject generator. This court has determined he had a duty to maintain it, but failed to do so. Because of this, you are required to presume that the destroyed generator, as well as any evidence it could have yielded, was relevant and favorable to Harbor Freight and unfavorable to Mr. Penick. You may disregard this presumption only if you find that Mr. Penick produced sufficient evidence and testimony at trial to rebut it. Again, the standard you must use is a preponderance of the evidence.

**Authority:** Order on Defendant's Motion to Dismiss Due to Plaintiff's Bad Faith Spoliation of Evidence (Dkt. No. 45); Florida Standard Jury Instruction No. 301.11(b).

**Annotation/Comment:**

## PROPOSED INSTRUCTION NO. 18.
## HARBOR FREIGHT'S AFFIRMATIVE DEFENSES.

If, however, the preponderance of the evidence supports Mr. Penick's negligent failure to warn claim, then you shall consider the defenses of comparative negligence that Harbor Freight has raised. On this defense, the issues for you to decide are:

- Whether Mr. Penick's actions were a contributing legal cause of the injury or damage.

**Authority:** Florida Standard Jury Instruction 403.18; Eleventh Circuit Pattern Jury Instruction No. 3.8.1 (preponderance of the evidence standard).

**Annotation/Comment:**

**V.**     <u>**DAMAGES**</u>

## PROPOSED INSTRUCTION NO. 19.
## DAMAGES - INTRODUCTION.

If your verdict is for Harbor Freight, you will not consider the matter of damages.

If you find that Mr. Penick has proven by a preponderance of the credible evidence that Harbor Freight is liable, then you must determine the damages to which Mr. Penick is entitled. However, you should not infer that Mr. Penick is entitled to recover damages merely because I am instructing you on the elements of damages. It is exclusively your function to decide upon liability, and I am instructing you on damages only so that you will have guidance should you decide that Mr. Penick is entitled to recovery.

**Authority:** Florida Standard Jury Instruction 501.1(b); 4 Modern Federal Jury Instructions-Civil § 77.01 (2020); Eleventh Circuit Pattern Jury Instruction No. 3.8.1 (preponderance of the evidence standard).

**Annotation/Comment:**

## PROPOSED INSTRUCTION NO. 20.
## DAMAGES.

The purpose of the law of damages is to award, as far as possible, just and fair compensation for the loss, **if any**, which resulted from the Harbor Freight's negligence. If you find that Harbor Freight is liable on the claims, as I have explained them, then you must award Mr. Penick sufficient damages to compensate him or her for any injury proximately caused by Harbor Freight's conduct.

These are known as "compensatory damages." Compensatory damages seek to make Mr. Penick whole—that is, to compensate him or her for the damage suffered.

I remind you that you may award compensatory damages only for injuries that Mr. Penick **proves** were proximately caused by Harbor Freight's allegedly wrongful conduct. The damages that you award must be fair and reasonable, neither inadequate nor excessive. You should not award compensatory damages for speculative injuries, but only for those injuries that Mr. Penick has actually suffered or which he is reasonably likely to suffer in the near future.

The categories of damages you should consider are:

- Injury, pain, disability, disfigurement, loss of capacity for enjoyment of life: Any bodily injury sustained by Mr. Penick and any resulting pain and suffering, disfigurement or mental anguish experienced in the past or to be experienced in the future. There is no exact standard for measuring such damage. The amount should be fair and just in the light of the evidence.

- Medical Expenses: The reasonable value of medical care and treatment necessarily or reasonably obtained by Mr. Penick in the past or that he has demonstrated he will need to obtain in the future.

**Authority:** Florida Standard Jury Instruction Nos. 501.1 and 501.2; 4 Modern Federal Jury

Instructions-Civil  § 77.02 (2020).

**Annotation/Comment:**

## PROPOSED INSTRUCTION NO. 21.
## COMPARATIVE NEGLIGENCE.

In determining the total amount of damages, you should not make any reduction because of the negligence, if any, of Mr. Penick. The court will enter a judgment based on your verdict and, if you find that Mr. Penick was negligent in any degree, the court in entering judgment will reduce the total amount of damages by the percentage of negligence which you find was caused by Mr. Penick.

**Authority:** Florida Standard Jury Instruction No. 501.4.

**Annotation/Comment:**

## PROPOSED INSTRUCTION NO. 22.
## OTHER CONTRIBUTING CAUSES OF DAMAGES.

a.      *Aggravation or activation of disease or defect:*

If you find that Harbor Freight caused a bodily injury, and that the injury resulted in an aggravation of an existing disease or physical defect or activation of a latent disease or physical defect, you should attempt to decide what portion of Mr. Penick's condition resulted from the aggravation or activation. If you can make that determination, then you should award only those damages resulting from the aggravation or activation. However, if you cannot make that determination, or if it cannot be said that the condition would have existed apart from the injury, then you should award damages for the entire condition suffered by Mr. Penick.

**Authority:** Florida Standard Jury Instruction No. 501.5.

**Annotation/Comment:**

## PROPOSED INSTRUCTION NO. 23.
## REDUCTION OF DAMAGES TO PRESENT VALUE.

Any amount of damages which you allow for future medical expenses should be reduced to its present money value and only the present money value of these future economic damages should be included in your verdict.

The present money value of future economic damages is the sum of money needed now which, together with what that sum will earn in the future, will compensate Mr. Penick for these losses as they are actually experienced in future years.

**Authority:** Florida Standard Jury Instruction No. 501.7.

**Annotation/Comment:**

**VI.**     **<u>INSTRUCTIONS BEFORE DELIBERATION</u>**

## PROPOSED INSTRUCTION NO. 24.
## WEIGHING THE EVIDENCE.

In deciding this case, it is your duty as jurors to decide the issues, and only those issues, that I submit for your determination. You must come to an agreement about your verdict.

The evidence in this case consists of the sworn testimony of the witnesses, all exhibits received in evidence and all facts that were admitted or agreed to by the parties.

In reaching your verdict, you must think about and weigh the testimony and any documents, photographs, or other material that has been received in evidence. You may also consider any facts that were admitted or agreed to by the lawyers. Your job is to determine what the facts are. You may use reason and common sense to reach conclusions. You may draw reasonable inferences from the evidence. But you should not guess about things that were not covered here. And, you must always apply the law as I have explained it to you.

**Authority:** Florida Standard Jury Instruction No. 601.1.

**Annotation/Comment:**

46

## PROPOSED INSTRUCTION NO. 25.
## CREDIBILITY OF WITNESSES.

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

**Authority:** Eleventh Circuit Civil Pattern Jury Instructions Preliminary Instruction 3.4.

**Annotation/Comment:**

## PROPOSED INSTRUCTION NO. 26.
## IMPEACHMENT OF WITNESSES BECAUSE OF INCONSISTENT STATEMENTS.

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

**Authority:** Eleventh Circuit Civil Pattern Jury Instructions Preliminary Instruction 3.5.1.

**Annotation/Comment:**

## PROPOSED INSTRUCTION NO. 27.
## EXPERT WITNESS.

You have heard opinion testimony on certain technical subjects from persons referred to as expert witnesses. Some of the testimony before you was in the form of opinions about certain technical subjects.

You may accept such opinion testimony, reject it, or give it the weight you think it deserves, considering the knowledge, skill, experience, training, or education of the witness, the reasons given by the witness for the opinion expressed, and all the other evidence in the case.

**Authority:** Florida Standard Jury Instruction 601.2(b).

**Annotation/Comment:**

## PROPOSED INSTRUCTION NO. 28.
## DUTY TO DELIBERATE.

Of course, the fact that I have given you instructions concerning the issue of Mr. Penick's damages should not be interpreted in any way as an indication that I believe that Mr. Penick should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**Authority:** Eleventh Circuit Pattern Jury Instruction 3.8.1.

**Annotation/Comment:**

**PROPOSED INSTRUCTION NO. 29.**
**CONCLUDING INSTRUCTION BEFORE FINAL ARGUMENT.**

That is the law you must follow in deciding this case. The attorneys for the parties will now present their final arguments. When they are through, I will have a few final instructions about your deliberations.

**Authority:** Florida Standard Jury Instruction 601.5.

**Annotation/Comment:**

## VII.    <u>CLOSING INSTRUCTIONS</u>

## PROPOSED INSTRUCTION NO. 30.
## CLOSING INSTRUCTIONS.

Members of the jury, you have now heard all the evidence, my instructions on the law that you must apply in reaching your verdict and the closing arguments of the attorneys. You will shortly retire to the jury room to decide this case.

During deliberations, jurors must communicate about the case only with one another and only when all jurors are present in the jury room. You will have in the jury room all of the evidence that was received during the trial. In reaching your decision, do not do any research on your own or as a group. Do not use dictionaries, the Internet, or any other reference materials. Do not investigate the case or conduct any experiments. Do not visit or view the scene of any event involved in this case or look at maps or pictures on the Internet. If you happen to pass by the scene, do not stop or investigate. All jurors must see or hear the same evidence at the same time. Do not read, listen to, or watch any news accounts of this trial.

You are not to communicate with any person outside the jury about this case. Until you have reached a verdict, you must not talk about this case in person or through the telephone, writing, or electronic communication, such as a blog, twitter, e-mail, text message, or any other means. Do not contact anyone to assist you, such as a family accountant, doctor, or lawyer. These communications rules apply until I discharge you at the end of the case.

If you become aware of any violation of these instructions or any other instruction I have given in this case, you must tell me by giving a note to the bailiff.

Any notes you have taken during the trial may be taken to the jury room for use during your discussions. Your notes are simply an aid to your own memory, and neither your notes nor those of any other juror are binding or conclusive. Your notes are not a substitute for your own memory or that of other jurors. Instead, your verdict must result from the collective memory and

judgment of all jurors based on the evidence and testimony presented during the trial.

At the conclusion of the trial, the bailiff will collect your notes, which will be immediately destroyed. No one will ever read your notes.

In reaching your verdict, do not let bias, sympathy, prejudice, public opinion, or any other sentiment for or against any party influence your decision. Your verdict must be based on the evidence that has been received and the law on which I have instructed you.

Reaching a verdict is exclusively your job. I cannot participate in that decision in any way and you should not guess what I think your verdict should be from something I may have said or done. You should not think that I prefer one verdict over another. Therefore, in reaching your verdict, you should not consider anything that I have said or done, except for my specific instructions to you.

Pay careful attention to all the instructions that I gave you, for that is the law that you must follow. You will have a copy of my instructions with you when you go to the jury room to deliberate. All the instructions are important, and you must consider all of them together. There are no other laws that apply to this case, and even if you do not agree with these laws, you must use them in reaching your decision in this case.

It is your duty to talk with one another in the jury room and to consider the views of all the jurors. Each of you must decide the case for yourself, but only after you have considered the evidence with the other members of the jury. Feel free to change your mind if you are convinced that your position should be different. You should all try to agree. But do not give up your honest beliefs just because the others think differently. Keep an open mind so that you and your fellow jurors can easily share ideas about the case.

I will give you a verdict form with questions you must answer. I have already instructed you on the law that you are to use in answering these questions. You must follow my instructions and the form carefully. You must consider each question separately. Please answer the questions in the order they appear. After you answer a question, the form tells you what to do next.

Your verdict must be unanimous, that is, your verdict must be agreed to by each of you.

If any of you need to communicate with me for any reason, write me a note and give it to the bailiff. In your note, do not disclose any vote or split.

You may now retire to decide your verdict.

**Authority:** Florida Standard Jury Instruction No. 700 (edited to remove references to the verdict form and election of foreperson, which are explained in the following instruction).

**Annotation/Comment:**

## PROPOSED INSTRUCTION NO. 31.
## ELECTION OF FOREPERSON AND EXPLANATION OF VERDICT FORM.

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

**Authority:** Eleventh Circuit Pattern Jury Instruction 3.9.

**Annotation/Comment:**

## PROPOSED VERDICT FORM

**We, the jury, return the following verdict:**

**1.     Has Mr. Penick demonstrated that Harbor Freight's failure to warn of a known danger caused his injuries?**

**YES __          NO ___**

If your answer to question 1 is NO, your verdict is for Harbor Freight, and you should not proceed further except to date and sign this verdict form and return it to the courtroom. If your answer to question 2 is YES, please answer question 3.

**2.     Was there negligence on the part of Mr. Penick which was a legal cause of his injury?**

**YES __          NO ___**

Please answer question 4.

**3.     State the percentage of any negligence which was a legal cause of injury to Mr. Penick that you charge to:**

Mr. Penick                                    **_____%**

Harbor Freight                            **_____%**

                                    **Total must be 100%**

(Note: For any response of "NO" to question 1, 2, or 3, place a zero as to that person [or entity] in answering question 4.)

Please answer question 5.

**4.     Please state the amount of damages using the following guide. In determining the amount of damages, do not make any reduction because of the negligence, if any, of Mr. Penick. If you find that Mr. Penick was negligent, the court in entering judgment will make an appropriate reduction in the damages awarded.**

What is the total amount of Mr. Penick's damages for medical expenses incurred in the past and medical expenses to be incurred in the future?                    **$ _____**

What is the total amount of Mr. Penick's damages for pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, aggravation of a disease or physical defect and loss of capacity for the enjoyment of life

57

sustained in the past and to be sustained in the
future?                                               $ _____


**TOTAL DAMAGES OF MR. PENICK:**      $ _____
(add lines 1 and 2)


**SO SAY WE ALL, this _____ day of _____, 2_____.**


_____

Foreperson